THIRD
AMENDED TENTATIVE RULING

ISSUED BY JUDGE MARGARET M. MANN

Adversary Case Name:   LESLIE GLADSTONE v. JUDITH HOFFMAN & ROBERT HOFFMAN & HOFFMAN PROPERTIES

Adversary Number: 14-90098

Case Number:       13-05478-MM7

Hearing:           10:00 AM   Thursday, June  5, 2014

Motion:      MOTION FOR INJUNCTIVE RELIEF FILED BY TRUSTEE

What is before this Court at this time is a motion for issuance of a preliminary injunction in this adversary proceeding to compel Debtor to cooperate with the Trustee. Debtor's second Chapter 11 case was converted on March 27, 2014 after she had failed to comply with her responsibilities as debtor-in-possession. Now that she is out of possession, Debtor continues the same course of conduct justifying the preliminary injunction.

The primary property interest in this estate is Debtor's as yet undetermined prepetition rights in an 8 unit apartment building located on Alabama Street ("Property") that generates positive cash flow after debt service and has equity. Record title to the Property is held in tenant-in-common interests shared equally between Debtor and her brother Robert Hoffman. Despite the manner in which they hold record title, they both signed a partnership agreement in 1989 that transferred the Property to a partnership in which they similarly held equal shares ("Partnership"). The brother attempted to expel Debtor from the Partnership prepetition but did not complete the buyout process contemplated by the Partnership Agreement. When Debtor filed bankruptcy, she took the position in her schedules that the Property was held by her and her brother as tenants-in-common. She treated the cash flow as exclusively her own, however.   In fact, Debtor has no other significant source of cash. The brother was not advised of the bankruptcy until the Court mandated notice to him. He then tolerated this situation for many months until he recently appeared in this Chapter 11 case and asserted his partnership rights.

When the case was converted to Chapter 7, the Court's conversion order compelled Debtor to "turn over to the chapter 7 trustee all records and property of the estate under her custody or control."   See Docket #171. The Debtor did not immediately comply, and it is unclear if she has fully complied to this date in the ensuing 9 weeks. The Court issued on May 20, 2014 its Modified Order issuing a Temporary Restraining Order and also continuing the hearing on its Order to Show Cause why it should not issue a Preliminary Injunction against the Debtor in the main bankruptcy case to prevent further

dissipation of estate assets ("OSC/TRO"). The OSC/TRO temporarily enjoined the Debtor from interfering with the management of the Alabama Property, including interacting with the Partnership's tenants. In the OSC/TRO, the Court directed the Trustee to file an adversary proceeding. *Houghton v. First American Capital Bank* (*In re Houghton)*, 123 B.R. 869, 873 (Bankr. C.D. Cal. 1991) (requiring adversary proceeding to confirm and issue further injunctive relief pursuant to Bankruptcy Rule 7001(7)).

On June 3, 2014, the Trustee filed this adversary proceeding ("Adversary") naming Debtor, the brother and the Partnership. The Adversary requested (i) a preliminary injunction, (ii) a declaration that the Alabama Property is property of the Partnership and that the Partnership is property of the estate, (iii) authorizing the sale of the Alabama property pursuant to section 363(h) or 363(i) (iv) turnover of the $26,637.00 (minus the $244.66 previously turned over) in rental proceeds;   (v) determination that Debtor converted funds belonging to the Partnership; and (vi) relief from stay damages. The Adversary also contained text that objected to Debtor's claim of exemption in the Partnership funds to be turned over on the grounds that those funds were not property of the estate. After considering the further briefing and evidence in this case, the Court finds the preliminary injunction should issue.

To issue a preliminary injunction, the Court must find the following : (1) a strong likelihood of success on the merits, (2) likelihood of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Morgan-Busby v. Gladstone (In re Morgan-Busby)*, 272 B.R. 257, 261 (9th Cir. B.A.P. 2002); *Rinard v. Positive Invs., Inc. (In re Rinard)*, 451 B.R. 12, 22 (Bankr. C.D. Cal. 2011) (noting that the Ninth Circuit modified its standard for preliminary injunctive relief to conform to *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 375-76 (2008)).

For the reasons set forth below, the Court finds that the Trustee's has a strong likelihood of success on its merits and likely irreparable injury if the injunction is not granted; the balance of hardship and public interest also favors the Trustee.

The Trustee has a strong likelihood of success on the merits of her claims, at least, that she succeeded to the management rights that belonged to Debtor as the partner managing the partnership that included the right to collect the rents accruing from the Property and also to Debtor's interest in Partnership. As explained in Cal. Corp. Code § 16501, while "[a] partner is not a co-owner of partnership property and has no interest in partnership property that can be transferred. . . "; Debtor as a partner had at least a possessory interest in the Partnership property including its rents under California law. Partners have equal rights to possess partnership property, although their rights of possession are only on behalf of the partnership. Corp. Code § 16401(g). That possessory interest at a minimum was property of the bankruptcy estate under 11 U.S.C. § 541(a); *Williams v. Levi (In re Williams)*, 323 B.R. 691, 699 (B.A.P. 9th Cir. 2005). As such, the Property rents were subject to Debtor's obligation to turn over those rents to the Trustee under 11 U.S.C. § 542.

Trustee has also presented a strong case on the merits that Debtor was not entitled to a salary for her services from the Partnership. The partnership agreement does not provide for a salary since the agreement left the salary provision blank. Without a specific salary provision, partners are not entitled to compensation without the agreement of the partners under California law.   Cal. Corp. Code 16401(f),(h). Instead, Debtor, and now the Trustee's rights to the rents as Debtor's successor derive from the Partnership interest itself. Debtor's interests in the partnership including the property management rights under which she was collecting rents prior to the conversion. *See Carroll v. Tri-Growth Centre City , Ltd. (In re Carroll)*, 903 F.2d 1266, 1270-71 (9th Cir. 1990) (management rights are property of the estate); *see also Waldron v. Huber (In re Huber),* 2013 Bankr. LEXIS 4981, at *12-15 (Bankr. W.D. Wash. Nov. 25, 2013) (trustee succeeded to all debtor's interest in limited liability company, including management and voting rights). As such, "[t]o the extent postpetition earnings are not attributable to such personal services but to the business' invested capital, accounts receivable, goodwill, employment contracts with the firm's staff, client relationships, fee agreements, or the like, the earnings are property of the estate." *Fitzsimmons v. Walsh (In re Fitzsimmons)*, 725 F.2d 1208, 1211 (9th Cir. 1984); *see also Towers v. Wu (In re Wu)*, 173 B.R. 411, 413 (B.A.P. 9th Cir. 1994) (applying *Fitzsimmons* in the chapter 7 context).

Although exactly what rights the Trustee currently holds in relation to the Partnership as the successor to Debtor will need to be decided in the course of the Adversary with the Partnership's and the brother's positions being considered, there is no real dispute in the record that the Trustee succeeded to Debtor's possessory rights in the partnership property including her rights to possess its rents and manage its affairs.

Although the Debtor argues the rental proceeds at the time of the conversion were listed as exempt and therefore not subject to turnover, this argument misstates the law and ignores the fact that Trustee objected to the claim of exemption in the Adversary. *In re McDonald*, 402 B.R. 568, 570-71 (Bankr. W.D.N.Y. 2009) ("[S]ection 542 allows the turnover of all estate property, including property that the trustee will administer and property that debtors may prospectively exempt.").   A debtor cannot claim property exempt unless it is property of the estate, and if the rents from the Property are partnership property, they do not constitute property of the estate. *See Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 586 (B.A.P. 9th Cir. 1996) (only property of estate may be claimed exempt); *see also In re Bell,* 2007 Bankr. LEXIS 4001, at *6 (Bankr. N.D. Cal. Nov. 21, 2007) (Debtor cannot claim a homestead exemption in property held by partnership).

Even if the rents generated by the Partnership are later determined to be property of the estate directly (given that the brother expelled the Debtor), a claim of exemption does not remove property from the estate for 30 days or later if an objection is brought. The Trustee had until June 20, 2014 (30 days after May 20, 2014 when Debtor amended her exemption claim) to object to Debtor's recent amendment to claim an exemption in this funds. As stated in *Schwab v. Reilly*, 560 U.S. 770, 776 ( 2010): "If an interested party fails to object within the time allowed, a claimed exemption will exclude the subject property from the estate even if the exemption's value exceeds what the Code permits."

*Id.* (citing 11 U.S.C.§ 522(*l*); *Taylor* v. *Freeland & Kronz*, 503 U.S. 638, 642-43 (1992)). Here, the Trustee timely filed an objection, which she included in the Adversary. *See* Fed. Rule Bankr. Proc. 4003(b).

There is also a strong likelihood of irreparable injury for the Trustee if the Court does not enjoin the Debtor from interfering with the management of the Property because the rents would likely disappear on the Debtor's personal expenses as they have in the past.   Since conversion of the case, there is also an issue of whether the Debtor missed two mortgage payments due on the Property.   There are allegations that Debtor has been harassing tenants and the Property's sale value would be significantly harmed if tenants began leaving.   Debtor also has a damaged relationship with the other partner, her brother, and Trustee has demonstrated that there is a likelihood of irreparable injury as to turnover of the rental proceeds in the future. However, the Court will not issue a preliminary injunction to include turnover of the funds already spent because there is no harm waiting until the Court decides the Adversary proceeding since those funds have been spent and the Court can assess a proper remedy when all of the facts are determined with involvement from all of the parties.

The Trustee will also suffer hardship if there isn't an injunction because the partnership interest (or the Debtor's interest in the Property) is the main asset of the estate.   If the Trustee is not able to collect rents and preserve the Property to be distributed, as per the Partnership Agreement among the partners, there will be little hope of there being any funds to distribute to unsecured creditors since there are no other significant assets. The only hardship suffered by Debtor is no longer being able to use the Partnership funds for purposes not justified by the Partnership Agreement, and that is an insufficient ground for the Court to deny a preliminary injunction.

Although this case does not appear to affect the advancement of a public interest, see *Rinard*, 451 B.R. at 23, the public interest also favors issuing an injunction in order to preserve the integrity of the bankruptcy process with ensuring debtors cooperate with the Trustee.

For the foregoing reasons, the preliminary injunction will be issued in the Adversary continuing the TRO/OSC in effect, and also enjoining Debtor from contacting any creditors or tenants or interfering with any of the Partnership's relationship with its banks, suppliers, accountants or service providers until the Court resolves the matter after trial on the merits.