CSD 3000A [11/15/04]
Name, Address, Telephone No. & I.D. No.
Leslie T. Gladstone, (SBN 144615)
Maria J. Nunez (SBN 236926
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, CA 92037
Telephone: (858) 454-9887; Facsimile: (858) 454-9596
Attorneys for the Chap.7 Trustee, Leslie T. Gladstone

Order Entered on July 9, 2014
by Clerk U.S. Bankruptcy Court
Southern District of California

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In Re<br><br>JUDITH JEAN HOFFMAN,<br><br>Debtor. | BANKRUPTCY NO. 13-05478-MM7 |
|---|---|
| LESLIE T. GLADSTONE, CHAPTER 7 TRUSTEE<br><br>Plaintiff, | ADVERSARY NO. 14-90098-MM |
| v.<br>JUDITH JEAN HOFFMAN; ROBERT HOFFMAN;<br>HOFFMAN PROPERTIES,<br><br>Defendants. | Date: June 5, 2014<br>Time: 10:00 a.m.<br><br>Name of Judge: HON. MARGARET M. MANN |

## ORDER ON
## MOTION FOR PRELIMINARY INJUNCTION AGAINST DEBTOR TO PREVENT DISSIPATION OF ESTATE ASSETS FILED BY LESLIE T. GLADSTONE, CHAPTER 7 TRUSTEE

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through __2__ with exhibits, if any, for a total of __8__ pages, is granted. Motion/Application Docket Entry No. __16__

//
//
//
//

DATED: July 9, 2014

/s/ Margaret M Mann

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

FINANCIAL LAW GROUP
(Firm name)

By: /s/ Maria J. Nunez
     Attorney for ☒ Movant ☐ Respondent

CSD 3000A

CSD 3000A [11/15/04] (Page 2)
ORDER ON
DEBTOR: Judith Jean Hoffman                                  CASE NO.: 13-05478-MM7

                                                             ADV. NO.: 14-90098-MM

---

The Motion for Preliminary Injunction Against Debtor to Prevent Dissipation of Estate Assets filed by Leslie T. Gladstone, Chapter 7 Trustee (the "Motion") came on regularly for hearing on June 5, 2014, at 10:00 a.m., in Department One (1) of the above entitled Court, the Honorable Margaret M. Mann, presiding. Judith Jean Hoffman (the Debtor") appeared by Judson Henry by Law offices of Judson H. Henry in the capacity as attorney of record in the herein bankruptcy case no. 05478-MM7; Leslie T. Gladstone, Chapter 7 Trustee, appeared in her capacity as Trustee, and by Financial Law Group by Maria J. Nunez; Robert Hoffman and Hoffman Properties appeared by the Law Offices of Adam Jaffe by Adam Jay Jaffe; The Law Offices of Donald Detisch by Donald W. Detisch. The Debtor did not appear at the hearing.

The Court having considered the Motion and the papers filed in support thereof and in opposition thereto, and the oral arguments of counsel; notice appearing proper, and good cause appearing therefor;

IT IS ORDERED that the Motion is GRANTED for the reasons set forth in the Court's tentative opinion which is attached hereto and incorporated by reference.

**IT IS SO ORDERED.**

Approved as to form:

LAW OFFICES OF ADAM JAFFE

By: _/s/ Adam Jaffe_____
    Adam Jaffe


LAW OFFICES OF DON DETISCH

By:_____
    Donald Detisch


LAW OFFICES OF JUDSON H. HENRY.

By:_____
    Judson H. Henry


CSD 3000A

Signed by Judge Margaret M. Mann July 9, 2014

CSD 3000A [11/15/04] (Page 2)
ORDER ON
DEBTOR: Judith Jean Hoffman                                CASE NO.: 13-05478-MM7

ADV. NO.: 14-90098-MM

The Motion for Preliminary Injunction Against Debtor to Prevent Dissipation of Estate Assets filed by Leslie T. Gladstone, Chapter 7 Trustee (the "Motion") came on regularly for hearing on June 5, 2014, at 10:00 a.m., in Department One (1) of the above entitled Court, the Honorable Margaret M. Mann, presiding. Judith Jean Hoffman (the Debtor") appeared by Judson Henry by Law offices of Judson H. Henry in the capacity as attorney of record in the herein bankruptcy case no. 05478-MM7; Leslie T. Gladstone, Chapter 7 Trustee, appeared in her capacity as Trustee, and by Financial Law Group by Maria J. Nunez; Robert Hoffman and Hoffman Properties appeared by the Law Offices of Adam Jaffe by Adam Jay Jaffe; The Law Offices of Donald Detisch by Donald W. Detisch. The Debtor did not appear at the hearing.

The Court having considered the Motion and the papers filed in support thereof and in opposition thereto, and the oral arguments of counsel; notice appearing proper, and good cause appearing therefor;

IT IS ORDERED that the Motion is GRANTED for the reasons set forth in the Court's tentative opinion which is attached hereto and incorporated by reference.

**IT IS SO ORDERED.**

Approved as to form:

LAW OFFICES OF ADAM JAFFE

By:_____
    Adam Jaffe

LAW OFFICES OF DON DETISCH

By:_____
    Donald Detisch

LAW OFFICES OF JUDSON H. HENRY.

By:_____
    Judson H. Henry

CSD 3000A

Signed by Judge Margaret M. Mann July 9, 2014

CSD 3000A [11/15/04](Page 2)
ORDER ON
DEBTOR: Judith Jean Hoffman

CASE NO.: 13-05478-MM7

ADV. NO.: 14-90098-MM

---

The Motion for Preliminary Injunction Against Debtor to Prevent Dissipation of Estate Assets filed by Leslie T. Gladstone, Chapter 7 Trustee (the "Motion") came on regularly for hearing on June 5, 2014, at 10:00 a.m., in Department One (1) of the above entitled Court, the Honorable Margaret M. Mann, presiding. Judith Jean Hoffman (the Debtor") appeared by Judson Henry by Law offices of Judson H. Henry in the capacity as attorney of record in the herein bankruptcy case no. 05478-MM7; Leslie T. Gladstone, Chapter 7 Trustee, appeared in her capacity as Trustee, and by Financial Law Group by Maria J. Nunez; Robert Hoffman and Hoffman Properties appeared by the Law Offices of Adam Jaffe by Adam Jay Jaffe; The Law Offices of Donald Detisch by Donald W. Detisch. The Debtor did not appear at the hearing.

The Court having considered the Motion and the papers filed in support thereof and in opposition thereto, and the oral arguments of counsel; notice appearing proper, and good cause appearing therefor;

IT IS ORDERED that the Motion is GRANTED for the reasons set forth in the Court's tentative opinion which is attached hereto and incorporated by reference.

### IT IS SO ORDERED.

Approved as to form:

LAW OFFICES OF ADAM JAFFE

By:_____
   Adam Jaffe

LAW OFFICES OF DON DETISCH

By:_____
   Donald Detisch

LAW OFFICES OF JUDSON H. HENRY.

By: *[signature]*
   Judson H. Henry

CSD 3000A

Case 14-90098-MM    Filed 06/05/14    Entered 06/05/14 00:55:02    Doc 01    Pg. 1 of 4

THIRD
AMENDED TENTATIVE RULING

ISSUED BY JUDGE MARGARET M. MANN

Adversary Case Name:    LESLIE GLADSTONE v. JUDITH HOFFMAN & ROBERT HOFFMAN & HOFFMAN PROPERTIES

Adversary Number: 14-90098

Case Number:       13-05478-MM7

Hearing:           10:00 AM   Thursday, June  5, 2014

Motion:     MOTION FOR INJUNCTIVE RELIEF FILED BY TRUSTEE

What is before this Court at this time is a motion for issuance of a preliminary injunction in this adversary proceeding to compel Debtor to cooperate with the Trustee. Debtor's second Chapter 11 case was converted on March 27, 2014 after she had failed to comply with her responsibilities as debtor-in-possession. Now that she is out of possession, Debtor continues the same course of conduct justifying the preliminary injunction.

The primary property interest in this estate is Debtor's as yet undetermined prepetition rights in an 8 unit apartment building located on Alabama Street ("Property") that generates positive cash flow after debt service and has equity. Record title to the Property is held in tenant-in-common interests shared equally between Debtor and her brother Robert Hoffman. Despite the manner in which they hold record title, they both signed a partnership agreement in 1989 that transferred the Property to a partnership in which they similarly held equal shares ("Partnership"). The brother attempted to expel Debtor from the Partnership prepetition but did not complete the buyout process contemplated by the Partnership Agreement. When Debtor filed bankruptcy, she took the position in her schedules that the Property was held by her and her brother as tenants-in-common. She treated the cash flow as exclusively her own, however.  In fact, Debtor has no other significant source of cash. The brother was not advised of the bankruptcy until the Court mandated notice to him. He then tolerated this situation for many months until he recently appeared in this Chapter 11 case and asserted his partnership rights.

When the case was converted to Chapter 7, the Court's conversion order compelled Debtor to "turn over to the chapter 7 trustee all records and property of the estate under her custody or control."   See Docket #171. The Debtor did not immediately comply, and it is unclear if she has fully complied to this date in the ensuing 9 weeks. The Court issued on May 20, 2014 its Modified Order issuing a Temporary Restraining Order and also continuing the hearing on its Order to Show Cause why it should not issue a Preliminary Injunction against the Debtor in the main bankruptcy case to prevent further

dissipation of estate assets ("OSC/TRO"). The OSC/TRO temporarily enjoined the Debtor from interfering with the management of the Alabama Property, including interacting with the Partnership's tenants. In the OSC/TRO, the Court directed the Trustee to file an adversary proceeding. *Houghton v. First American Capital Bank (In re Houghton)*, 123 B.R. 869, 873 (Bankr. C.D. Cal. 1991) (requiring adversary proceeding to confirm and issue further injunctive relief pursuant to Bankruptcy Rule 7001(7)).

On June 3, 2014, the Trustee filed this adversary proceeding ("Adversary") naming Debtor, the brother and the Partnership. The Adversary requested (i) a preliminary injunction, (ii) a declaration that the Alabama Property is property of the Partnership and that the Partnership is property of the estate, (iii) authorizing the sale of the Alabama property pursuant to section 363(h) or 363(i) (iv) turnover of the $26,637.00 (minus the $244.66 previously turned over) in rental proceeds;   (v) determination that Debtor converted funds belonging to the Partnership; and (vi) relief from stay damages. The Adversary also contained text that objected to Debtor's claim of exemption in the Partnership funds to be turned over on the grounds that those funds were not property of the estate. After considering the further briefing and evidence in this case, the Court finds the preliminary injunction should issue.

To issue a preliminary injunction, the Court must find the following : (1) a strong likelihood of success on the merits, (2) likelihood of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Morgan-Busby v. Gladstone (In re Morgan-Busby)*, 272 B.R. 257, 261 (9th Cir. B.A.P. 2002); *Rinard v. Positive Invs., Inc. (In re Rinard)*, 451 B.R. 12, 22 (Bankr. C.D. Cal. 2011) (noting that the Ninth Circuit modified its standard for preliminary injunctive relief to conform to *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 375-76 (2008)).

For the reasons set forth below, the Court finds that the Trustee's has a strong likelihood of success on its merits and likely irreparable injury if the injunction is not granted; the balance of hardship and public interest also favors the Trustee.

The Trustee has a strong likelihood of success on the merits of her claims, at least, that she succeeded to the management rights that belonged to Debtor as the partner managing the partnership that included the right to collect the rents accruing from the Property and also to Debtor's interest in Partnership. As explained in Cal. Corp. Code § 16501, while "[a] partner is not a co-owner of partnership property and has no interest in partnership property that can be transferred. . . "; Debtor as a partner had at least a possessory interest in the Partnership property including its rents under California law. Partners have equal rights to possess partnership property, although their rights of possession are only on behalf of the partnership. Corp. Code § 16401(g). That possessory interest at a minimum was property of the bankruptcy estate under 11 U.S.C. § 541(a); *Williams v. Levi (In re Williams)*, 323 B.R. 691, 699 (B.A.P. 9th Cir. 2005). As such, the Property rents were subject to Debtor's obligation to turn over those rents to the Trustee under 11 U.S.C. § 542.

Case 14-90098-MM    Filed 06/05/14    Entered 06/05/14 10:55:02    Doc 19    Pg. 3 of 4

Trustee has also presented a strong case on the merits that Debtor was not entitled to a salary for her services from the Partnership. The partnership agreement does not provide for a salary since the agreement left the salary provision blank. Without a specific salary provision, partners are not entitled to compensation without the agreement of the partners under California law.   Cal. Corp. Code 16401(f),(h). Instead, Debtor, and now the Trustee's rights to the rents as Debtor's successor derive from the Partnership interest itself. Debtor's interests in the partnership including the property management rights under which she was collecting rents prior to the conversion. See *Carroll v. Tri-Growth Centre City, Ltd. (In re Carroll)*, 903 F.2d 1266, 1270-71 (9th Cir. 1990) (management rights are property of the estate); see also *Waldron v. Huber (In re Huber)*, 2013 Bankr. LEXIS 4981, at *12-15 (Bankr. W.D. Wash. Nov. 25, 2013) (trustee succeeded to all debtor's interest in limited liability company, including management and voting rights). As such, "[t]o the extent postpetition earnings are not attributable to such personal services but to the business' invested capital, accounts receivable, goodwill, employment contracts with the firm's staff, client relationships, fee agreements, or the like, the earnings are property of the estate." *Fitzsimmons v. Walsh (In re Fitzsimmons)*, 725 F.2d 1208, 1211 (9th Cir. 1984); see also *Towers v. Wu (In re Wu)*, 173 B.R. 411, 413 (B.A.P. 9th Cir. 1994) (applying *Fitzsimmons* in the chapter 7 context).

Although exactly what rights the Trustee currently holds in relation to the Partnership as the successor to Debtor will need to be decided in the course of the Adversary with the Partnership's and the brother's positions being considered, there is no real dispute in the record that the Trustee succeeded to Debtor's possessory rights in the partnership property including her rights to possess its rents and manage its affairs.

Although the Debtor argues the rental proceeds at the time of the conversion were listed as exempt and therefore not subject to turnover, this argument misstates the law and ignores the fact that Trustee objected to the claim of exemption in the Adversary. *In re McDonald*, 402 B.R. 568, 570-71 (Bankr. W.D.N.Y. 2009) ("[S]ection 542 allows the turnover of all estate property, including property that the trustee will administer and property that debtors may prospectively exempt.").   A debtor cannot claim property exempt unless it is property of the estate, and if the rents from the Property are partnership property, they do not constitute property of the estate. See *Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 586 (B.A.P. 9th Cir. 1996) (only property of estate may be claimed exempt); see also *In re Bell*, 2007 Bankr. LEXIS 4001, at *6 (Bankr. N.D. Cal. Nov. 21, 2007) (Debtor cannot claim a homestead exemption in property held by partnership).

Even if the rents generated by the Partnership are later determined to be property of the estate directly (given that the brother expelled the Debtor), a claim of exemption does not remove property from the estate for 30 days or later if an objection is brought. The Trustee had until June 20, 2014 (30 days after May 20, 2014 when Debtor amended her exemption claim) to object to Debtor's recent amendment to claim an exemption in this funds. As stated in *Schwab v. Reilly*, 560 U.S. 770, 776 ( 2010): "If an interested party fails to object within the time allowed, a claimed exemption will exclude the subject property from the estate even if the exemption's value exceeds what the Code permits."

Signed by Judge Margaret M. Mann July 9, 2014

*Id.* (citing 11 U.S.C.§ 522(*l*); *Taylor* v. *Freeland & Kronz*, 503 U.S. 638, 642-43 (1992)). Here, the Trustee timely filed an objection, which she included in the Adversary. *See* Fed. Rule Bankr. Proc. 4003(b).

There is also a strong likelihood of irreparable injury for the Trustee if the Court does not enjoin the Debtor from interfering with the management of the Property because the rents would likely disappear on the Debtor's personal expenses as they have in the past.   Since conversion of the case, there is also an issue of whether the Debtor missed two mortgage payments due on the Property.   There are allegations that Debtor has been harassing tenants and the Property's sale value would be significantly harmed if tenants began leaving.   Debtor also has a damaged relationship with the other partner, her brother, and Trustee has demonstrated that there is a likelihood of irreparable injury as to turnover of the rental proceeds in the future. However, the Court will not issue a preliminary injunction to include turnover of the funds already spent because there is no harm waiting until the Court decides the Adversary proceeding since those funds have been spent and the Court can assess a proper remedy when all of the facts are determined with involvement from all of the parties.

The Trustee will also suffer hardship if there isn't an injunction because the partnership interest (or the Debtor's interest in the Property) is the main asset of the estate.   If the Trustee is not able to collect rents and preserve the Property to be distributed, as per the Partnership Agreement among the partners, there will be little hope of there being any funds to distribute to unsecured creditors since there are no other significant assets. The only hardship suffered by Debtor is no longer being able to use the Partnership funds for purposes not justified by the Partnership Agreement, and that is an insufficient ground for the Court to deny a preliminary injunction.

Although this case does not appear to affect the advancement of a public interest, see *Rinard*, 451 B.R. at 23, the public interest also favors issuing an injunction in order to preserve the integrity of the bankruptcy process with ensuring debtors cooperate with the Trustee.

For the foregoing reasons, the preliminary injunction will be issued in the Adversary continuing the TRO/OSC in effect, and also enjoining Debtor from contacting any creditors or tenants or interfering with any of the Partnership's relationship with its banks, suppliers, accountants or service providers until the Court resolves the matter after trial on the merits.

Signed by Judge Margaret M. Mann July 9, 2014

```
                              United States Bankruptcy Court
                              Southern District of California
Gladstone,
         Plaintiff                                              Adv. Proc. No. 14-90098-MM
Hoffman,
         Defendant
```

## CERTIFICATE OF NOTICE

```
District/off: 0974-3           User: rpaluso              Page 1 of 1              Date Rcvd: Jul 09, 2014
                               Form ID: pdfO1             Total Noticed: 3
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 11, 2014.
```
dft          +Hoffman Properties,    2918 Marquette St.,   San Diego, CA 92106-1010
dft          +Judith Jean Hoffman,    2918 Marquette St.,   San Diego, CA 92106-1010
dft           Robert Hoffman,   262 West Gennessee,    Kirwin, KS  67644
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 11, 2014                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 9, 2014 at the address(es) listed below:
```
              Leslie T. Gladstone    candic@flgsd.com,
               candic@flgsd.com;christinb@flgsd.com;sandray@flgsd.com;marian@flgsd.com;ltg@trustesolutions.net
              Maria J. Nunez    on behalf of Plaintiffs Leslie T. Gladstone mnunez@nunezlawfirm.com,
               anunez@nunezlawfirm.com
                                                                                             TOTAL: 2
```